FILED

06 SEP 26 AM 9:13

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE FLOOR SHOP, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHERN INSURANCE COMPANY OF NEW YORK, a New York corporation,<br><br>Defendant. | CASE NO. 06CV1393-BEN (AJB)<br><br>**ORDER DENYING MOTION TO DISMISS [Docket No. 6]** |

Plaintiff Floor Shop, Inc. ("FSI") alleges Defendant Northern Insurance Company of New York ("Northern") wrongfully refused to defend and indemnify it in a lawsuit ("the Fitzgerald Action").[1] Northern moves to dismiss, arguing its policy did not cover the Fitzgerald Action. For the reasons that follow, Northern's Motion is **DENIED**.

## FACTS

Northern insured FSI under a commercial general liability insurance policy. The policy covered "Personal and advertising injury" offenses, including injury arising out of "written publication of material that . . . libels a person . . . ."

The Fitzgerald Action was brought by Wendy and Charles Fitzgerald ("the Fitzgeralds").

---

[1] FSI specifically alleges the following three causes of action: (1) Breach of Contract (Duty to Defend); (2) Breach of Contract (Duty to Indemnify); and (3) Tortious Breach of the Implied Covenant Of Good Faith And Fair Dealing.

1  The Fitzgeralds alleged FSI had recorded an invalid mechanic's lien against their property, which
2  damaged their credit. Attached to the Fitzgeralds' complaint, was a letter from their counsel,
3  stating that "[t]he recording of this mechanic's lien has already caused damage to the Fitzgeralds'
4  otherwise clear credit and for the reasons stated herein will ultimately be construed as a slander of
5  title to the Fitzgeralds' property."

## DISCUSSION

"An insurer has a very broad duty to defend its insured under California law[2]." Anthem Electronics, Inc. v. Pacific Employers Ins. Co., 302 F.3d 1049, 1054 (9th Cir. 2002). But the duty to defend is limited by "the nature and kind of risk covered by the policy." La Jolla Beach & Tennis Club, Inc. v. Industrial Indemnity Co., 9 Cal. 4th 27, 39 (1994) (citation and internal quotations omitted); see also Legarra v. Federated Mutual Insurance, 35 Cal. App. 4th 1472, 1480 (1995) ("An insurer may select the risks it will insure and those it will not and a clear exclusion will be respected.") (citations omitted)). "The insurer does not need to defend if the third party complaint can by no conceivable theory raise a single issue which could bring it within the policy coverage." Michaelian v. State Comp. Ins. Fund, 50 Cal. App. 4th 1093, 1106 (1996) (citation omitted).

"The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." Montrose Chemical Corp. v. Superior Court, 6 Cal. 4th 287, 295 (1993) (citation omitted). "Facts extrinsic to the complaint also give rise to a duty to defend when they reveal a possibility that the claim may be covered by the policy." Michaelian, 50 Cal. App. 4th at 1106 (citation omitted). "Since pleadings are easily amended, the proper focus is on the facts alleged, rather than the theories for recovery." Id. (citing Gray v. Zurich Insurance Co., 65 Cal.2d 263, 276 (1996) ); see also Atlantic Mutual Ins. Co. v. J. Lamb, Inc., 100 Cal. App. 4th 1017, 1034 (2002) ("The scope of the duty does not depend on the labels given to the causes of action in the third party complaint."). "Any doubt as to whether the facts establish the existence of the defense duty must be resolved in the

---

[2] Because this is a diversity action, California law applies. See Continental Casualty Co. v. City of Richmond, 763 F.2d 1076, 1079 (9th Cir. 1985) ("Since suit was brought in federal district court on the basis of diversity of citizenship, the substantive law of California applies.").

|   |   |
|---|---|
| 1 | insured's favor." <u>Montrose</u>, 6 Cal. 4th at 299-300 (citations omitted). "The ultimate question is |
| 2 | whether the facts alleged 'fairly apprise' the insurer that the suit is upon a covered claim." |
| 3 | <u>Michaelian</u>, 50 Cal. App. 4th at 1106 (citation omitted). |
| 4 |   "The insurer must defend any claim that would be covered . . . even if in fact it is |
| 5 | groundless, false, or fraudulent.  Implicit in this rule is the principle that the duty to defend is |
| 6 | broader than the duty to indemnify; an insurer may owe a duty to defend its insured in an action in |
| 7 | which no damages ultimately are awarded." <u>North American Bldg. Maintenance, Inc. v. Fireman's</u> |
| 8 | <u>Fund Ins. Co.</u>, 137 Cal. App. 4th 627, 637 (2006) (citations omitted).  "Hence, the duty may exist |
| 9 | even where coverage is in doubt and ultimately does not develop." <u>Wausau Underwriters Ins. Co.</u> |
| 10 | <u>v. Unigard Security Ins. Co.</u>, 68 Cal. App. 4th 1030, 1036-1037 (1998) (citations and internal |
| 11 | quotations omitted). "[I]f an insurer is bound to defend an action based on the assertion of one |
| 12 | covered claim, it must defend the entire action even though some portions of it involve noncovered |
| 13 | claims." <u>County of San Bernardino v. Pacific Indemnity Co.</u>, 56 Cal. App. 4th 666, 689 (1997) |
| 14 | (citations omitted). |
| 15 |   Against this backdrop, Northern had a duty to defend FSI in the Fitzgerald Action. |
| 16 | Northern's policy provided coverage for FSI against damages arising out of its "written publication |
| 17 | of material that . . . libels a person . . . ."  The complaint in the Fitzgerald Action alleged FSI |
| 18 | recorded an invalid mechanic's lien against the Fitzgeralds' property, which damaged their |
| 19 | personal credit.  As alleged, the underlying complaint in the Fitzgerald Action gave rise to a |
| 20 | potential claim for libel against FSI. |
| 21 |   Under California law, libel is a form of defamation, which constitutes "a false and |
| 22 | unprivileged publication by writing . . . or other fixed representation to the eye, which exposes any |
| 23 | person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or |
| 24 | which has a tendency to injure him in his occupation." Cal. Civ. Code § 45.  A cause of action for |
| 25 | libel may include "defamatory statements that are insinuated as well as for those that are stated |
| 26 | explicitly." <u>Stoneking v. Briggs</u>, 254 Cal. App. 2d 563, 571 (1967) (citation and internal quotation |
| 27 | omitted); <u>see also</u> <u>O'Connor v. McGraw-Hill, Inc.</u>, 159 Cal. App. 3d 478, 485 (1984). FSI's |
| 28 | alleged recording of an invalid mechanic lien against the Fitzgeralds' property with the county |

recorder, in essence, publicly "insinuated" that the Fitzgeralds have failed to pay a debt. Accordingly, the Fitzgerald Action alleged a potential libel claim against the FSI which the Northern policy covered. See Pulver v. Avco Financial Services, 182 Cal. App. 3d 622, 638 (1986) ("[I]t is normally defamatory on its face to say that a person refuses to pay his just debts."). Hence, since potential for coverage existed under Northern's policy, Northern was contractually obligated to provide a complete defense to FSI. See Pacific Indemnity Co., 56 Cal. App. 4th at 689.

Northern argues that the recording of the mechanic's lien is subject to California's litigation privilege and thus not actionable as libel. "[T]he applicability of the litigation privilege is a question of law" for the court. Kashian v. Harriman, 98 Cal. App. 4th 892, 913 (2002). Moreover, privilege is an affirmative defense which Defendant has the burden of proving. See Smith v. Commonwealth Land Title Ins. Co., 177 Cal. App. 3d 625, 630 (1986). Thus, if the Fitzgerald Action was indeed subject to the litigation privilege as not to warrant any damages, Northern should have raised that defense for FSI's benefit in the underlying action rather than as a defense against coverage in this action. See Pacific Indemnity Co., 56 Cal. App. 4th at 686-687.

## CONCLUSION

For the reasons discussed above, Northern has not shown that the allegations in the Fitzgerald Action could by "no conceivable theory raise a single issue which could" have brough it "within the policy coverage" Northern issued to FSI. Montrose, 6 Cal. 4th at 300. Accordingly, Northern's Motion is **DENIED.**

**SO ORDERED**.

DATED: 9/25/06

ROGER T. BENITEZ
United States District Judge

cc: All parties and respective counsel